T.C. Summary Opinion 2003-169

UNITED STATES TAX COURT

CHARLES & MARIANNE T. ANDERSON, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4656-02S.            Filed December 18, 2003.

Charles and Marianne T. Anderson, pro sese.

Daniel N. Price, for respondent.

DEAN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined for 1999 a deficiency in petitioners'
Federal income tax of $420.  After concessions,[1] the issue
remaining for decision is whether petitioners failed to report
cancellation of indebtedness income in the amount of $1,372 for
taxable year 1999.  Marianne Anderson has already conceded this
issue.

## Background

The stipulation of facts and the exhibits received into
evidence are incorporated herein by reference.  Petitioners
resided in Georgetown, Texas, at the time the petition was filed.

This case involves unreported cancellation of indebtedness
income.  Charles Anderson (petitioner) provided a credit card for
a friend, Ms. Feathers, on his existing Citibank account.
Although the account was in his name, petitioner and Ms. Feathers
agreed she would be responsible for the debts she incurred.

The Citibank Card Agreement applicable to petitioner's
account states "You may request additional cards on your account
for yourself or others and you may permit another person to have
access to the card or account number.  However, if you

---

[1]     In the notice of deficiency respondent determined that
petitioners failed to report interest income in the amount of
$120 and dividend income in the amount of $3 for taxable year
1999.  Petitioners have conceded these issues.

do, you must pay us for all charges made by those persons, including charges for which you may not have intended to be responsible."

As petitioner received billing statements detailing charges to the account, he forwarded them to Ms. Feathers for payment. Ultimately, Ms. Feathers incurred $4,574.93 in charges on the credit card.

Petitioner was subsequently contacted by a collection agency on behalf of Citibank. He was informed of the $4,574.93 delinquent balance and was offered the opportunity to settle the debt. In July 1999 petitioner settled the outstanding debt for $3,202.45, or 70 percent of the total value. Citibank reported $1,372 as cancellation of indebtedness income to respondent on Form 1099-C, Cancellation of Debt. Petitioners did not report this income on their joint income tax return. Petitioner denied receiving a Form 1099-C reporting the amount of debt discharged.

Petitioner disputes having income from the discharge of $1,372 of the debt and, raising a variety of arguments, contends that a discharge of indebtedness does not constitute gross income.

## Discussion

Respondent's determinations in the notice of deficiency are presumed correct, and, generally, petitioners must prove those determinations wrong in order to prevail. Rule 142(a)(1); Welch

v. Helvering, 290 U.S. 111, 115 (1933). The burden of proof may shift to the Commissioner under section 7491 in certain circumstances. See Prince v. Commissioner, T.C. Memo. 2003-247. The issue in this case is a question of law and does not depend on which party has the burden of proof.

A.    Discharge of Indebtedness

Gross income includes all income from whatever source derived. Sec. 61(a). Discharge of indebtedness is specifically included as an item of gross income. Sec. 61(a)(12). This means that a taxpayer who has incurred a financial obligation, which obligation is later discharged or released, has realized an accession to income. Sec. 61(a)(12); United States v. Kirby Lumber Co., 284 U.S. 1, 3 (1931); Friedman v. Commissioner, 216 F.3d 537, 545 (6th Cir. 2000), affg. T.C. Memo. 1998-196. The rationale of this principle is that the discharge of a debt below the face value of the debt accords the debtor an economic benefit equivalent to income. Friedman v. Commissioner, 216 F.3d at 545.

The treatment of discharge-of-indebtedness income parallels the Code's treatment of loans. Toberman v. Commissioner, 294 F.3d 985, 988 (8th Cir. 2002), affg. in part and revg. in part T.C. Memo. 2000-221. Borrowed funds are not included in a taxpayer's income. Nor are repayments of a loan deductible from income. When, however, one's obligation to repay the funds is settled for less than the amount of the loan, one ordinarily

realizes income from discharge of indebtedness. Sec. 61(a)(12); Warbus v. Commissioner, 110 T.C. 279, 284 (1998) (citing Vukasovich, Inc. v. Commissioner, 790 F.2d 1409, 1413-1414 (9th Cir. 1986), affg. in part and revg. in part T.C. Memo. 1984-611). The difference between the face value of the debt and the amount paid in satisfaction of the debt is includable in the taxpayer's gross income. Babin v. Commissioner, 23 F.3d 1032, 1034 (6th Cir. 1994), affg. T.C. Memo. 1992-673.

Accompanying the discharge of indebtedness income rule are certain exclusions from gross income. Sec. 108(a)(1). Petitioner has not raised any of the exclusions, and thus the Court does not consider them.

B. Form 1099

Petitioner claims he did not receive a Form 1099-C from Citibank discharging the debt. "The moment it becomes clear that a debt will never have to be paid, such debt must be viewed as having been discharged." Cozzi v. Commissioner, 88 T.C. 435, 445 (1987). The nonreceipt of a Form 1099 does not convert a taxable item to a nontaxable item. Vaughan v. Commissioner, T.C. Memo. 1992-317, affd. without published opinion 15 F.3d 1095 (9th Cir. 1993).

### Conclusion

The Court has considered all arguments made by petitioner and, to the extent they are not addressed herein, concludes they

are irrelevant or without merit.  The Court holds petitioner had discharge of indebtedness income in the amount of $1,372.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.