T.C. Summary Opinion 2006-43


UNITED STATES TAX COURT


HENRY B. AND ANGELA E. DAVIS MARTINS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 24166-04S.                Filed March 22, 2006.


Henry B. Martins, pro se.

<u>Bryan E. Sladek</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>: This case was heard
pursuant to section 7463 in effect when the petition was filed.[1]
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority.

Respondent determined a deficiency of $1,028 in petitioners'
Federal income tax for 2002.

---

[1]Unless otherwise indicated, section references hereafter
are to the Internal Revenue Code in effect for the year at issue.

The sole issue for decision is whether petitioners realized discharge of indebtedness income under section 61(a)(12) and, if so, the extent thereof under section 108(a).

Some of the facts were stipulated. Those facts and the accompanying exhibits are so found and are incorporated herein by reference. Petitioners' legal residence at the time the petition was filed was Detroit, Michigan.

Henry B. Martins (petitioner) was an engineer for the Ford Motor Co., an automobile manufacturer, during the year at issue. Petitioner was also engaged in a separate activity wherein he arranged the purchase and sale of goods from overseas sources to customers in the United States. The goods he dealt with were generally electronic equipment, food service equipment, and other equipment for which there was a demand and the availability of an overseas source for its acquisition. Petitioner's practice was to purchase the equipment and, upon delivery to the customer, collect the selling price. His purchases were all financed through his American Express credit card. At some point, petitioner was faced with a problem in collecting payments on equipment he had delivered. As a result, he was unable to pay his account with American Express and was classified as delinquent. As of July 17, 2002, petitioner owed American Express $24,831.38. Petitioner made several payments in the ensuing months that reduced his indebtedness to $21,831.38. At

that point, it appears that American Express felt that further collection actions would no longer be pursued, and a payment agreement was worked out with petitioner through the efforts of a collection agency employed by American Express. Petitioner paid $15,000, and American Express relieved and released petitioner of the balance due of $6,831.38. For the year 2002, American Express issued Form 1099-C, Cancellation of Debt, for the $6,831.38. Petitioners did not include the $6,831.38 as gross income on their 2002 Federal income tax return. In the notice of deficiency, the sole determination is that the $6,831.38 constitutes gross income.

From the record, it appears that the settlement between petitioner and American Express came about by referral of the account by American Express to a collection agency. Through the efforts of the collection agency's contacts with petitioner, the settlement agreement was reached. After the $15,000 payment, petitioner was of the impression, as he testified, that "everything was over", and contends he never received the Form 1099-C issued by American Express.

At trial, petitioner argued that the $21,831.38 was not the correct amount of his indebtedness because it included erroneous delinquency charges of $2,646.19; additionally, he had accrued membership rewards points on his credit card, and that together, the erroneous delinquency charges and the value of the membership

rewards offset the $6,831.38 income at issue.  However, there is
no evidence that any compromise or settlement agreement was
entered into between petitioner and the collection agency
representing American Express.  The agreement simply was that
petitioner would pay $15,000 in cash, and the remaining $6,831.38
would be forgiven.[2]

Gross income includes all income from whatever source
derived.  Sec. 61(a).  Discharge of indebtedness is specifically
included as an item of gross income.  Sec. 61(a)(12).  This means
that a taxpayer who has incurred a financial obligation that is
later discharged or released has realized an accession to income.
Id.; United States v. Kirby Lumber Co., 284 U.S. 1, 3 (1931);
Friedman v. Commissioner, 216 F.3d 537, 545 (6th Cir. 2000),
affg. T.C. Memo. 1998-196.  The rationale of this principle is

_____

[2]Where the nature and amount of an indebtedness are
contested in a good faith dispute, and a compromise settlement is
reached, the excess of the stated principal amount of the claimed
debt over the amount for which the liability is settled does not
constitute discharge of indebtedness income.  Preslar v.
Commissioner, T.C. Memo. 1996-543, revd. 167 F.3d 1323 (10th Cir.
1999) (citing United States v. Hall, 307 F.2d 238 (10th Cir.
1962)).  There is no evidence that the $15,000 payment by
petitioner was a "settlement" or a compromise of the
indebtedness.  Petitioner presented no evidence to show that the
delinquency charges were invalid.  Moreover, it appears that,
from the terms of the American Express monthly statements,
petitioner's membership rewards points also had no value because
the points were good only so long as the account was in good
standing.  Since petitioner was in default on his account, he was
not in good standing, and there is no evidence he reinstated the
points by payment of a service fee as provided in the statement.

that the discharge of a debt affects the freeing of assets previously offset by the liability.  Jelle v. Commissioner, 116 T.C. 63, 67 (2001) (citing United States v. Kirby Lumber Co., supra).

The treatment of discharge of indebtedness income parallels the Code's treatment of loans.  Toberman v. Commissioner, 294 F.3d 985, 988 (8th Cir. 2002), affg. in part and revg. in part T.C. Memo. 2000-221.  Borrowed funds are not included in a taxpayer's income.  Nor are repayments of a loan deductible from income.  When, however, an obligation to repay a loan is settled for less than the amount of the loan, one ordinarily realizes income from discharge of indebtedness.  Sec. 61(a)(12); Warbus v. Commissioner, 110 T.C. 279, 284 (1998) (citing Vukasovich, Inc. v. Commissioner, 790 F.2d 1409, 1413-1414 (9th Cir. 1986), affg. in part and revg. in part T.C. Memo. 1984-611). The difference between the face value of the debt and the amount paid in satisfaction of the debt is includable in the taxpayer's gross income.  Babin v. Commissioner, 23 F.3d 1032, 1034 (6th Cir. 1994), affg. T.C. Memo. 1992-673.

Accompanying the discharge of indebtedness income rule are certain exclusions from gross income.  A taxpayer may exclude from gross income a discharge from indebtedness if the discharge occurs in a bankruptcy case or, alternatively, when the taxpayer is insolvent, or if the indebtedness is a qualified farm or

business real estate debt.  Sec. 108(a)(1)(A)-(D).  None of these exclusions apply in this case.

Petitioner claims he did not receive a Form 1099-C from American Express discharging the debt.  "The moment it becomes clear that a debt will never have to be paid, such debt must be viewed as having been discharged."  Cozzi v. Commissioner, 88 T.C. 435, 445 (1987).  The nonreceipt of a Form 1099 does not convert a taxable item to a nontaxable item.  Vaughn v. Commissioner, T.C. Memo. 1992-317, affd. without published opinion 15 F.3d 1095 (9th Cir. 1993).

The Court concludes that petitioner realized discharge of indebtedness income in the amount determined in the notice of deficiency.  Respondent, therefore, is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.