T.C. Summary Opinion 2006-119


UNITED STATES TAX COURT


TIMOTHY C. ROBBINS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5187-04S.                    Filed July 26, 2006.


Timothy C. Robbins, pro se.

Robert S. Scarbrough, for respondent.


COUVILLION, Special Trial Judge: This case was heard pursuant to section 7463 in effect when the petition was filed.[1] The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1]Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue.

Respondent determined a deficiency of $1,760 in petitioner's Federal income tax for the year 2001. The sole issue for decision is whether petitioner realized discharge of indebtedness income under section 61(a)(12) and, if so, the extent thereof under section 108(a).

Some of the facts were stipulated. Those facts, with the annexed exhibits, are so found and are made part hereof. Petitioner's legal residence at the time the petition was filed was Everett, Washington.

Petitioner is a civil litigation attorney in the State of Washington. From 1985 until 1995, he was a solo practitioner. In 1995, petitioner hired a recent law graduate, Julie Herber, as an associate and ultimately divided the practice with her. During 2001, Ms. Herber owned one-half of the building where petitioner's practice is conducted and one-half of his principal residence. Ms. Herber, along with two other people, also shared ownership of a cabin with petitioner. Petitioner and Ms. Herber were married sometime after 2002.

Until 2001, petitioner had a credit card account with MBNA America Bank N.A. (MBNA). Sometime during 2001 petitioner defaulted on his credit card payments and allowed the outstanding balance to exceed his credit limit. As of November 2, 2001, the unpaid balance on petitioner's MBNA credit card was $18,240. Petitioner did not contact MBNA to dispute the amount owing.

Instead, petitioner negotiated a settlement with MBNA for payment of the balance. MBNA agreed to accept a payment of $11,856 as full accord and satisfaction for the $18,240 balance. Petitioner remitted the $11,856 to MBNA on November 29, 2001.

MBNA thereafter issued petitioner a Form 1099-C, Cancellation of Debt, for the $6,384 difference between what petitioner owed on his card and the amount he paid pursuant to the agreement. Petitioner filed his 2001 Federal income tax return timely, reporting gross income of $40,431 from wages and rental income, but he did not include as gross income the $6,384 forgiven by MBNA and reflected on the Form 1099-C.

In the notice of deficiency, respondent determined that the $6,384 forgiven by MBNA constituted gross income. The principal issue is whether petitioner is absolved from liability for tax on this forgiveness of indebtedness because of his claim that he was insolvent at the time the indebtedness was forgiven.

Gross income includes all income from whatever source derived. Sec. 61(a). Discharge of indebtedness is specifically included as an item of gross income. Sec. 61(a)(12). This means that a taxpayer who has incurred a financial obligation that is later discharged or released has realized an accession to income. United States v. Kirby Lumber Co., 284 U.S. 1, 3 (1931); Friedman v. Commissioner, 216 F.3d 537, 545 (6th Cir. 2000), affg. T.C. Memo. 1998-196. The rationale of this principle is that the

discharge of a debt effects the freeing of assets previously offset by the liability. Jelle v. Commissioner, 116 T.C. 63, 67 (2001) (citing United States v. Kirby Lumber Co., supra).

The treatment of discharge of indebtedness income parallels the Internal Revenue Code's treatment of loans. Toberman v. Commissioner, 294 F.3d 985, 988 (8th Cir. 2002), affg. in part and revg. in part T.C. Memo. 2000-221. Borrowed funds are not included in a taxpayer's income. Nor are repayments of a loan deductible from income. When, however, an obligation to repay a loan is settled for less than the amount of the loan, one ordinarily realizes income from discharge of indebtedness. Sec. 61(a)(12); Warbus v. Commissioner, 110 T.C. 279, 284 (1998) (citing Vukasovich, Inc. v. Commissioner, 790 F.2d 1409, 1413-1414 (9th Cir. 1986), affg. in part and revg. in part T.C. Memo. 1984-611). The difference between the face value of the debt and the amount paid in satisfaction of the debt is includable in the taxpayer's gross income. Babin v. Commissioner, 23 F.3d 1032, 1034 (6th Cir. 1994), affg. T.C. Memo. 1992-673.

Petitioner does not challenge the principle that discharge of indebtedness constitutes gross income. His sole argument is that he was insolvent at the time he was relieved of this liability, and, therefore, the discharged indebtedness does not constitute gross income. Under section 108(a)(1)(B), gross income does not include any amounts that would be includable in

gross income by reason of the discharge of the indebtedness of the taxpayer, provided that the taxpayer was insolvent at the time the indebtedness was discharged.

Petitioner testified extensively about his debts and offered into evidence a collection statement listing his assets and liabilities. The Court, however, concludes that petitioner's testimony lacks credibility. Petitioner produced no documentation to support his claims reflected on the collection statement offered at trial.

Petitioner claimed, both in his collection statement and at trial, that he was jointly and severally liable for the mortgage on his business and two residences; however, petitioner owned these properties jointly with other parties. Although petitioner may have been jointly and severally liable with other parties for the indebtedness on these properties, that fact, standing alone as relates to the issue in this case, does not establish that petitioner was insolvent without proof that the other codebtors were themselves insolvent. The Court, therefore, rejects petitioner's argument. His financial statement, without additional corroboration as regards the solvency of his codebtors, does not satisfy or establish to the Court that he is insolvent.

Petitioner reported $40,431 in gross income for the year at issue. Furthermore, petitioner testified that his firm earned

$144,000 in 2000 and about the same in 2001.  He had at least a 50-percent interest in his principal residence and the building where his firm was located.  Additionally, he had at least a 25-percent interest in a cabin during 2001.  Although petitioner had credit card debt in addition to the balance with MBNA, the evidence presented does not satisfy the Court that these other liabilities exceeded the value of his assets.  On this record, the Court holds that petitioner was not insolvent during 2001 and, therefore, must include as gross income the $6,384 discharge of indebtedness reported by MBNA.  Respondent, therefore, is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.