# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2396

_____

Ancil N. Payne, Jr.; Mary E. Payne,     *
     *
          Appellants,     *
     *   Appeal from the United States
     v.     *   Tax Court.
     *
Commissioner of Internal Revenue,     *   [UNPUBLISHED]
     *
          Appellee.     *

_____

Submitted: October 21, 2009
Filed: December 22, 2009

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Ancil Payne and Mary Payne challenge the tax court's[1] decision, after a bench trial, upholding the determination of the Internal Revenue Service (IRS) of their taxable income for tax year 2004. They concede that in 2004 Ancil paid $4,592 to a bank to settle an undisputed credit card balance of $21,270.69. They argue that the $16,678 discharge of indebtedness did not constitute income, however, because Ancil paid the bank more than he originally borrowed plus a reasonable amount of interest, although less interest than the parties had agreed upon; and even if the discharge of

_____

[1]The Honorable Harry A. Haines, United States Tax Court Judge.

indebtedness was income, it should have been excluded from their gross income as a purchase-price adjustment under 26 U.S.C. § 108(e)(5).

Following careful review, see Campbell v. Comm'r, 164 F.3d 1140, 1142 (8th Cir. 1999) (standard of review for tax court decisions), we conclude that the tax court did not err in upholding the IRS's determination. See 26 U.S.C. § 61(a)(12) (gross income means all income from whatever source derived, including income from discharge of indebtedness); Babin v. Comm'r, 23 F.3d 1032, 1034 (6th Cir. 1994) (where debt owed by taxpayer is discharged, difference between face value of debt and amount paid in satisfaction of debt is includable in taxpayer's gross income under § 61(a)(12)); see also 26 C.F.R. § 1.6050P-1(c) (indebtedness means any amount owed to applicable entity, including stated principal, fees, stated interest, and penalties); Comm'r v. Nat'l Alfalfa Dehydrating & Milling Co., 417 U.S. 134, 148 (1974) (transaction is to be given tax effect in accord with what actually occurred and not in accord with what might have occurred); Preslar v. Comm'r, 167 F.3d 1323, 1331 (10th Cir. 1999) (§ 108(e)(5) permits taxpayers to reflect debt reduction by adjusting basis of their property rather than recognizing immediate gain as cancellation of indebtedness; § 108(e)(5) applies only to direct agreements between purchaser and seller).

Accordingly, we affirm.

_____