T.C. Summary Opinion 2011-73

UNITED STATES TAX COURT

THOMAS F. AND WENDY LIOTTI, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10194-08S.                   Filed June 20, 2011.

<u>Thomas F. Liotti</u>, for petitioners.

<u>Monica E. Koch</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $3,892 in petitioners' Federal income tax for 2005. The issue for decision is whether petitioners are liable for unreported discharge of indebtedness (DOI) income.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference.[1] Petitioners resided in New York when they filed their petition.

During the year in issue Thomas F. Liotti (petitioner) was an attorney in New York. At the time of trial petitioner was admitted to practice before this Court. He had held a credit card account with MBNA America Bank N.A. (MBNA) since 1985. Petitioner's account was sponsored by the New York State Bar Association; his name was the only name on the account. At the time of trial petitioner had not used the account for several years. Over the course of 2004 and 2005 petitioner sent letters to MBNA in which he discussed the amount he felt he rightfully

---

[1]Petitioner Wendy Liotti did not sign the stipulation of facts, nor did she appear at trial. Petitioner Thomas F. Liotti stated that he represented himself and his wife and that she was listed as a petitioner solely because the couple filed a joint Federal income tax return for the year in issue. This case is considered submitted on the part of both petitioners. See Rule 149(a).

owed.  There are no responses from MBNA to petitioner's letters in the record.  At some point in 2005 petitioner and MBNA agreed that petitioner would pay $5,200 to settle his account. Petitioner made the final payment toward the settlement in July 2005.  Petitioner's credit card statement with a closing date of September 21, 2005, reflects a finance charge adjustment of $244.47 and a "charge off" of $11,974.65.  MBNA provided the Internal Revenue Service a Form 1099-C, Cancellation of Debt, which reflected a cancellation of petitioner's debt of $11,974.65 for 2005.  Petitioner denied that he received a Form 1099-C from MBNA for 2005.

Petitioners did not include the $11,974.65 as income on their 2005 joint Federal income tax return.  Respondent sent petitioners a notice of deficiency that included the $11,974.65 in petitioners' income for 2005 and determined a deficiency of $3,892.[2]  After the notice was issued, petitioner paid the tax and interest shown due on the notice.[3]

---

[2]Other changes determined in the notice of deficiency were computational and will not be discussed.

[3]The payment of tax after the mailing of a notice of deficiency shall not deprive the Court of jurisdiction over such deficiency.  See sec. 6213(b)(4); Hazel v. Commissioner, T.C. Memo. 2008-134.  The Court also has jurisdiction to determine an overpayment in a deficiency proceeding.  See sec. 6512(b)(1).

## Discussion

### I.  Burden of Proof and Production

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous.  Rule 142(a); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).  The burden of proof for factual matters may be shifted to the Commissioner under section 7491.  Petitioner has not alleged that section 7491 applies.

If an information return, such as a Form 1099-C, is the basis for the Commissioner's determination of a deficiency, section 6201(d) may apply to shift the burden of production to the Commissioner if in any court proceeding the taxpayer asserts a reasonable dispute with respect to the income reported on the information return and the taxpayer has fully cooperated with the Commissioner.  See McQuatters v. Commissioner, T.C. Memo. 1998-88.  As discussed infra, petitioner has failed to assert a reasonable dispute with respect to the income reported on the Form 1099-C.

Thus there is no burden shift under either section 7491 or 6201(d).

### II. DOI Income

Gross income includes all income from whatever source derived.  Sec. 61(a).  DOI is specifically included as an item of

gross income.  Sec. 61(a)(12).  This means that a taxpayer who has incurred a financial obligation that is later discharged or released has realized an accession to income.  Id.; United States v. Kirby Lumber Co., 284 U.S. 1, 3 (1931).  The rationale of this principle is that the discharge of a debt for less than its face value accords the debtor an economic benefit equivalent to income.  United States v. Kirby Lumber Co., supra at 3; Friedman v. Commissioner, 216 F.3d 537, 545 (6th Cir. 2000), affg. T.C. Memo. 1998-196.  Accordingly, when a taxpayer's obligation to repay a debt is settled for less than the face value of the debt, he ordinarily realizes DOI income.  Sec. 61(a)(12); see Warbus v. Commissioner, 110 T.C. 279, 284 (1998) (citing Vukasovich, Inc. v. Commissioner, 790 F.2d 1409, 1413-1414 (9th Cir. 1986), affg. in part and revg. in part T.C. Memo. 1984-611).  Accrued interest that is discharged through a settlement is considered DOI income. Payne v. Commissioner, T.C. Memo. 2008-66, affd. 357 Fed. Appx. 734 (8th Cir. 2009); see sec. 1.6050P-1(c), Income Tax Regs.

Accompanying the DOI rule are certain exclusions from gross income.  Sec. 108(a)(1).  Petitioner does not argue that any of the exclusions apply; thus the Court does not consider them.

Petitioner contends that he did not have DOI income on the basis that:  (1) The amount he owed MBNA was in dispute (a contested liability); (2) the amount of interest MBNA was charging him was usurious; and (3) he did not receive a Form

1099-C from MBNA and did not know that there would be any tax ramifications for settling his account for less than the full amount of his MBNA account balance.

One exception to the general DOI rule is the "contested liability" doctrine, under which DOI income will be disregarded when computing gross income if the taxpayer disputes the original amount of a debt in good faith and the debt is subsequently settled. Preslar v. Commissioner, 167 F.3d 1323, 1327 (10th Cir. 1999) (citing Zarin v. Commissioner, 916 F.2d 110, 115 (3d Cir. 1990)), revg. T.C. Memo. 1996-543. A taxpayer's good faith challenge to the enforceability of a debt does not necessarily shield him from DOI income when the dispute is resolved. Preslar v. Commissioner, supra at 1328; see also Rood v. Commissioner, T.C. Memo. 1996-248, affd. without published opinion 122 F.3d 1078 (11th Cir. 1997). "To implicate the contested liability doctrine, the original amount of the debt must be unliquidated. A total denial of liability is not a dispute touching upon the amount of the underlying debt." Preslar v. Commissioner, supra at 1328. Additionally, the fact that a settlement is for less than the full amount of a taxpayer's debt is insufficient to establish that the debt was disputed. Melvin v. Commissioner, T.C. Memo. 2009-199 (citing, e.g., Rood v. Commissioner, supra). Petitioner has not shown a challenge to the original amount of the underlying debt.

Petitioner entered into evidence several letters that he wrote to MBNA in which he argues that he does not owe the amount listed as the balance of his account.  Petitioner believed that he had paid more in interest than the underlying principal balance of the account because he had not used the account for a number of years.[4]  In a letter dated November 30, 2004, petitioner contends that he has paid more than $16,000 "on the underlying obligation". (Emphasis added.)  In the same letter he also contends that he does not owe MBNA $16,387.78.  In a letter dated January 18, 2005, petitioner writes that his account balance as of December 19, 1998, was $25,168.88.  He then contends that between December 19, 1998, and December 20, 2002, he had paid MBNA $26,606 and had made additional payments since 2002.  Petitioner also documents the rise in the interest rate of his account in the January 18, 2005, letter.  In a letter dated March 8, 2005, petitioner writes that he has paid MBNA a total of $34,451 but that he is not certain how much of that amount was penalties and interest as opposed to principal.

Petitioner's contention that the debt is contested is incorrect.  Petitioner has made no argument against the original amount of his debt.  See Preslar v. Commissioner, supra at 1327. Through petitioner's letters to MBNA it is clear that his

_____

[4]Petitioner cited both 1998 and 2001 as the last year that the account had been used.

argument is with the amount of interest he is being charged, not the underlying debt.  Petitioner admits to making payments on the underlying obligation in his letters and never argues that he did not incur the charges on the account or that he did not owe the principal balance of the account.  The interest charged to petitioner's account is part of his debt obligation.  See Payne v. Commissioner, supra.  Interest is included in the definition of indebtedness.  Sec. 1.6050P-1(c), Income Tax Regs.; cf. Payne v. Commissioner, supra.  Petitioner's challenge to the amount of interest he is charged does not rise to a contested liability.

Coupled with, and seemingly a second prong of, petitioner's contested liability argument is his argument that the interest MBNA charged was usurious under New York law and the discharge of such interest should, therefore, not be income to him.

Petitioner testified and mentioned in more than one letter admitted into evidence that the usury rate of interest in New York was 25 percent.[5]  All of the credit card statements that petitioner entered into evidence reflect an annual interest rate of 22.98 percent.  While this interest rate is high, it does not

---

[5]Petitioner has taken on the mantle of protecting all consumers from the aggressive tactics of the credit card companies and even informed the Court that he was "here, Judge, for the American people, as well as for myself."

reach the level of what petitioner claims is usurious in New York.[6]

Petitioner also argues that he never received a Form 1099-C from MBNA and did not know that there would be any tax ramifications for settling his debt for less than the full amount.  "The moment it becomes clear that a debt will never have to be paid, such debt must be viewed as having been discharged." Cozzi v. Commissioner, 88 T.C. 435, 445 (1987).  The nonreceipt of a Form 1099 does not convert a taxable item into a nontaxable item.  Vaughn v. Commissioner, T.C. Memo. 1992-317, affd. without published opinion 15 F.3d 1095 (9th Cir. 1993).  Any identifiable event that fixes the loss with certainty may be taken into consideration.  Cozzi v. Commissioner, supra at 445 (citing United States v. S.S. White Dental Manufacturing Co., 274 U.S. 398 (1927)); cf. sec. 1.6050P-1(b)(2)(i)(F), Income Tax Regs. (listing a discharge of indebtedness pursuant to an agreement between an applicable entity and a debtor to discharge indebtedness at less than full consideration as one of the eight exclusive "identifiable events" under which debt is discharged for information reporting purposes).

---

[6]Even if petitioner had made a "good faith" challenge to the interest rate, that alone would not "shield" him from DOI income. See Preslar v. Commissioner, 167 F.3d 1323, 1328 (10th Cir. 1999), revg. T.C. Memo. 1996-543.  Petitioner does not know how much of his account balance was interest as opposed to principal.

Petitioner is an attorney and a member of the Tax Court bar with legal acumen and a fundamental knowledge of legal research. The fact that petitioner did not know that there were tax ramifications associated with settling a debt for less than its face value does not negate his enjoyment of the economic benefit from the discharge of his debt. See sec. 61(a)(12); <u>United States v. Kirby Lumber Co.</u>, 284 U.S. 1 (1931).

### Conclusion

Petitioner has failed to prove that there was a contested liability concerning his MBNA account. Petitioner's failed usurious interest argument, his lack of receipt of a Form 1099-C, and his lack of knowledge of DOI income tax ramifications do not negate the fact that he received a discharge of debt that resulted in income. Therefore, the $11,974.65 of petitioner's MBNA account balance that was discharged is income to petitioners and should have been included on their 2005 joint Federal income tax return.

We have considered petitioner's arguments, and, to the extent not mentioned, we conclude the arguments to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.