T.C. Summary Opinion 2012-80

UNITED STATES TAX COURT

ARTHUR D. SASSANI, JR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24248-10S.                    Filed August 9, 2012.

Arthur D. Sassani, Jr., pro se.

Robert A. Baxer, for respondent.

SUMMARY OPINION

PANUTHOS, Chief Special Trial Judge: This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the petition

was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable

by any other court, and this opinion shall not be treated as precedent for any other

case. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

Respondent determined a deficiency of $1,475 with respect to petitioner's Federal income tax for 2008. The sole issue for decision is whether any portion of the interest petitioner received from various banks represents interest income from a qualified retirement account and is thus excludable from gross income.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Pennsylvania.

Before the year in issue, petitioner worked for Niagara Mohawk Power Corp. (Niagara). During his employment with Niagara petitioner participated in a section 401(k) plan administered by Fidelity Investments, Inc. In 2002 petitioner withdrew $150,000 from his section 401(k) plan account with Fidelity and reinvested the balance in an individual retirement account (IRA) with Jackson National Life Insurance Co. of New York (Jackson). In 2004 petitioner maintained checking and savings accounts with Columbia County Farmers National Bank (Farmers).

Between 2003 and 2006 petitioner made a series of withdrawals from his Jackson IRA and deposited the funds into certificates of deposit (CDs) with various banks. In 2006 petitioner withdrew the remaining balance of his Jackson IRA and deposited the balance into a retirement account with PNC Bank (PNC). At some later date, petitioner made an additional deposit of funds into a CD held by PNC.

In 2008 petitioner maintained one IRA at Citizens Bank and two IRAs with Bank of America. On April 11, 2008, petitioner withdrew $30,953.13 from his IRA at Citizens Bank and deposited the funds into a CD with Farmers. On the same date petitioner made two withdrawals totaling $25,004.42 from his Bank of America IRAs. These funds were also deposited into a CD at Farmers. Petitioner executed an agreement reflecting the purchase of the CD for $25,004.42. In June 2008 petitioner withdrew $32,698.45 from his Citizens Bank IRA and deposited the funds with M&T Bank (M&T). The record reflects that in June 2008 petitioner had at least one existing IRA with M&T.

Petitioner timely filed a 2008 Form 1040, U.S. Individual Income Tax Return. Petitioner reported $1,877.25 of interest income earned from CDs and other bank accounts. Petitioner's return was selected for examination. The Internal Revenue Service (IRS) informed petitioner that Forms 1099-INT, Interest Income, provided

by the banks reported more interest income than petitioner had reported on his 2008 tax return.

Petitioner contacted Farmers to inquire about his accounts and the amounts Farmers reported on the Forms 1099-INT. Petitioner was unsuccessful in his attempts to convince Farmers that he had previously directed it to deposit the funds in his existing IRA rather than to use them to purchase CDs. Petitioner claims PNC erred by placing these funds into a CD. Petitioner did not provide any explanation with regard to the M&T accounts.

On August 30, 2010, respondent issued a notice of deficiency determining that petitioner failed to report on his 2008 return interest income of $3,808 received in the following amounts:[1]

| Bank name | Interest amount |
| --- | --- |
| PNC Bank | $246 |
| PNC Bank | 293 |
| PNC Bank | 246 |
| M&T Bank | 281 |
| M&T Bank | 236 |
| M&T Bank | 236 |
| First Columbia Bank & Trust[1] | 410 |
| First Columbia Bank & Trust | 272 |
| First Columbia Bank & Trust | 269 |
| First Columbia Bank & Trust | 322 |

[1]No adjustments in the notice of deficiency relate to premature withdrawals.

| | |
|---|---:|
| First Columbia Bank & Trust | 302 |
| First Columbia Bank & Trust | 235 |
| First Columbia Bank & Trust | 258 |
| First Columbia Bank & Trust | 146 |
| First Columbia Bank & Trust | 56 |
| Total | 3,808 |

[1]Formerly Farmers.

The banks issued petitioner Forms 1099-INT showing interest income from CDs in his name. Petitioner does not dispute that he received interest income from the CDs described on Forms 1099-INT. He asserts that he intended to deposit the funds into qualified retirement accounts but the banks erroneously deposited the funds into nonqualified accounts.

## Discussion

### I. Burden of Proof

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of showing that the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The burden of proof with respect to a factual issue may be placed on the Commissioner under section 7491(a) if the taxpayer introduces credible evidence regarding that issue and establishes that the taxpayer complied with the requirements to substantiate items, maintain records, and fully cooperate with the Commissioner's reasonable requests. Sec. 7491(a)(2)(A) and (B).

Section 7491 does not require the burden of proof to be placed on respondent. Petitioner has neither asserted that the burden of proof should be placed on respondent nor established that he complied with the requirements of section 7491(a). Accordingly, petitioner bears the burden of proof. See sec. 7491 (a)(2)(A) and (B).

II.    Omitted Interest Income

Gross income includes all income from whatever source derived, including interest income. Sec. 61(a)(4). Exclusions from income are to be narrowly construed. Commissioner v. Schleier, 515 U.S. 323, 328 (1995). Interest earned from an IRA account is generally exempt from taxation unless the account ceases to be an IRA. See sec. 408(e)(1). Petitioner asserts that funds were transferred from qualified plans to purchase CDs in other qualified plans.

While petitioner's funds were maintained in qualified retirement plans in years before 2008, he moved funds into various bank accounts during the years 2003 through 2008. To the extent funds were properly rolled over into other qualified retirement accounts, the income earned on the funds (interest) in the account is exempt from taxation until distributed. See sec. 408(e)(1); see also Horvath v. Commissioner, 78 T.C. 86, 91 (1982); Orzechowski v. Commissioner, 69 T.C. 750, 755 (1978), aff'd, 592 F.2d 677 (2d Cir. 1979).

When funds are distributed from a qualified retirement account to a nonqualified retirement account, the interest earned from the nonqualified account is includable in income under the general proposition that every item of a person's gross income is "subject to Federal income tax unless there is a statute or some rule of law that exempts the person or the item from gross income." Warbus v. Commissioner, 110 T.C. 279, 282 (1998) (citing HCSC-Laundry v. United States, 450 U.S. 1, 5 (1981)). Since there is no exclusion for interest income earned on CDs and other nonqualified retirement accounts, the interest is includable in income.

In a few instances we have treated an imperfect rollover contribution or IRA distribution as having fully complied with the statute where the taxpayer acted with full knowledge of the law's requirements, took all the steps within his reasonable control to comply with those requirements, and achieved substantial compliance. See Jankelovits v. Commissioner, T.C. Memo. 2008-285 (citing Wood v. Commissioner, 93 T.C. 114 (1989)). Wood, Childs, and Thompson are three cases in which a taxpayer was considered to have complied with the requirements where an imperfect rollover was due to error by the taxpayer's financial institution. See Wood v. Commissioner, 93 T.C. 114 (1989); Childs v. Commissioner, T.C. Memo. 1996-267 (untimely distribution treated as timely

where taxpayer took all reasonable steps to comply with statute and failure to meet statutory deadline was attributable to error of taxpayer's financial institution); Thompson v. Commissioner, T.C. Memo. 1996-266 (to same effect).

In Wood, a taxpayer sought to roll over the proceeds from a profit-sharing plan into an IRA. The taxpayer properly executed the transaction within the 60-day period, but the trustee mistakenly recorded a part of the proceeds as having been transferred to a nonqualified account. We therein found in Wood that the taxpayer did everything that could reasonably be expected of him to comply with the statutory rollover contribution requirements, including meeting with his IRA trustee, instructing the trustee to open an IRA, executing the documents to open the IRA, and transferring the distribution to the trustee for deposit in the IRA. Moreover, the trustee assured the taxpayer that the rollover transaction would be carried out. We therefore held in Wood that the trustee's bookkeeping error did not preclude rollover treatment because the taxpayer had substantially complied with the statutory requirements. Cf. Schoof v. Commissioner, 110 T.C. 1, 10-11 (1998) (distinguishing Wood in holding that the taxpayers did not substantially comply with the rollover contribution requirements of section 408(d) so as to exclude the distributions from income).

With respect to PNC petitioner admits to purchasing a CD in a nonqualified account. Petitioner contends that a PNC banker mistakenly used his funds to purchase a CD in a nonqualified account rather than an IRA. Petitioner did not provide any documentation regarding his instructions to PNC.

With respect to Farmers, petitioner apparently intended to deposit funds from his qualified retirement accounts with Citizens Bank and Bank of America into other qualified retirement accounts. Petitioner, however, acknowledged that he also did not give specific instructions to Farmers to deposit any of the funds into an IRA. The record includes a signed copy of a Farmer's CD agreement reflecting an initial purchase of $25,004.42. After the purchase petitioner was apparently confused by annual account statements from Farmers. However, he did not contact the bank to inquire about his accounts until he was later contacted by the IRS.

The facts in this case are more akin to those of Schoof, Crow, and Jankelovits, and are distinguishable from those in Wood, Childs, and Thompson. The record does not reflect that in 2008 petitioner instructed any bank to open an IRA. Petitioner did not meet with the trustee of his IRA, and he was not advised by any bank employee that the funds were to be placed in an IRA. Petitioner did not take all of the steps within his reasonable control to comply with the rollover

requirements. While it may have been petitioner's intention to deposit his funds into an IRA, it is well established that a taxpayer's unexpressed intention to take advantage of tax laws does not determine the tax consequences of his or her transactions; what was actually done is determinative of the tax treatment. See Carlton v. United States, 385 F.2d 238, 243 (5th Cir. 1967) (citing Commissioner v. Duberstein, 363 U.S. 278, 286 (1960)).

The record reflects that the bank accounts petitioner owned accrued interest. Petitioner does not dispute receiving the interest income from the accounts. Petitioner has not demonstrated that the $3,808 of interest he received from the accounts in 2008 was excludable from gross income. Respondent's determination is sustained.

To reflect the foregoing,

Decision will be entered for respondent.